L. BLUE
Appellant.

October 17th, 1921.

Court of Appeal,
PARISH OF ORLEANS
FILED OCT 17/21
Stansbury

**8116**

95

JACOB FABACHER

VS No. 8116

LAWRENCE BLUM,
 Appellant.

CHARLES F. CLAIBORNE, JUDGE.

This is a damage suit growing out of a collision of automobiles.

Petitioner avers that while driving up St. Charles Avenue on the wood side between Octavia and Joseph Streets defendant's automobile ran into his automobile and damaged it to the extent of $219.35 for which he prays judgment.

For answer defendant alleged that at the time of the accident his car was being driven down St. Charles Avenue, also on the wood side, owing to repairs going on to the pavement on the river side, which compelled traffic to the wood side; that he was driving nearest to the neutral ground and blew his horn twice to warn the plaintiff; that the plaintiff was not looking ahead, and instead of driving ahead to the right crossed the street and drove into defendant's car and injured it, for which he claims damages.

There was judgment for plaintiff, rejecting the reconventional demand, and defendant has appealed.

The reasons for judgment of the learned trial judge were as follows:

"It appears that the plaintiff was going up St. Charles Avenue at a fairly good rate of speed and when he reached a point near Octavia Street, he noticed a vehicle standing near that corner and obstructing his straight (course); to avoid this wagon he turned his machine towards the neutral ground, still going at a

96

legal rate of speed. Almost simultaneously and for a like reason, the machine of defendant, *driven* by his chauffeur, swerved to the right and pointed towards the neutral ground. It is entirely probable that neither chauffeur saw the other in time to avoid the accident. The fact however remains that plaintiff, under the ordinance, was entitled to the right of way and was entitled to go at the speed he was going. The defendant, however, was not in the Road, where he was entitled to be, i. e., the right hand side of St. Charles Avenue, coming down town, which at that point was the legal place for him to be. I therefore feel that plaintiff was within the law at the time of the accident; that defendant was not, and that he was to blame. Judgment for plaintiff".

We can add but little to these reasons. The evidence of plaintiff and of two witnesses, disinterested and unimpeached, establish *ed* that plaintiff was driving up St. Charles Avenue on the right side of the wood side; when he reached Octavia Street, there was a wagon standing in front of Daneel Park, which forms the corner of St. Charles and Octavia Streets; in order to avoid the wagon and proceed ahead of it, the plaintiff swerved his car to the left; in so doing, plaintiff came in contact with defendant's car which was coming down St. Charles Street on the wood side, but as near the neutral ground as possible; plaintiff had not seen defendant's car, but the occupants of defendant's car had seen plaintiff's car; the traffic regulations require automobiles going down town to drive upon the rive side of St. Charles Street, and those going up town to take the wood side; defendant's justification for taking the wood side of the street is that the river side was undergoing repairs and that the street was blocked; the three witnesses just mentioned testify that the street was not blocked between Octavia and the street above; that it was blocked only beyond and above Nashville Avenue; plaintiff swears that when he turned to the left to avoid the wagon, he did not

97

see the defendant's car, - and that they crashed into each other.

There were three passengers in defendant's car, namely the defendant's wife, another lady, a resident of New Jersey, and the chauffeur - defendant himself was not in it. The chauffeur did not testify because he could not be found. The two ladies testified. They say that the river side of St. Charles Street, in that square, was blocked on account of repairs to the street. We think the preponderance of testimony on that subject is with the plaintiff. We therefore come to the conclusion that the street was not blocked in that particular square, and that the defendant was on the wrong side of the street. Of course this fact could not excuse plaintiff from running into his car, if it had been shown that by the exercise of reasonable care plaintiff could still have avoided the collision. But no such condition is shown. The presence of the wagon explains plaintiff's reason for not seeing defendant's car, and for swerving to the left. No fault can be imputed to him under the circumstances. The two ladies testified as to certain admissions of fault and liability made by the plaintiff immediately after the accident. But we do not think they are established with sufficient certainty.

Judgment affirmed.

October 17th, 1921.

*We must also be controlled in this conflict of testimony by the appreciation of the trial judge who saw and heard the witnesses - 20 a 299 and by the fact that the burden of proof was upon defendant to show that the street was obstructed -